048697/20173/ELA/RCH/JFM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEON SHUMAKER, <br><br> Plaintiff, <br><br> v. <br><br> LYFT, INC. and LYFT ILLINOIS, INC. <br><br> Defendants. | Case Number: |

## NOTICE OF REMOVAL

NOW COME the Defendants, LYFT, INC. and LYFT ILLINOIS, INC. (collectively "Lyft"), by and through its attorneys, Richard C. Huettel, Erik L. Andersen, and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Notice of Removal, pursuant to 28 U.S.C. § 1446, state as follows:

### Background and State Court Procedural Posture

1. Plaintiff, CLEON SHUMAKER, filed his initial complaint in the Circuit Court of Cook County on June 1, 2021. *See* Complaint at Law, attached as ***Exhibit A***. The Complaint named (1) LYFT, INC; (2) LYFT, ILLINOIS, INC; and (3) ROBERT LEWIS as defendants.

2. Plaintiff's Complaint at Law sounds in negligence based on an alleged automobile accident that occurred on November 20, 2019 at or near 5100 S. Cicero Avenue in the City of Chicago, Cook County, Illinois. (Ex. A at ¶ 5). As a result of the alleged accident, Plaintiff claims that he sustained damages including "serious and permanent injuries… pain & suffering, disfigurement, disability, loss of normal life, lost earnings, lost employment opportunities, and distress." (Ex.A at ¶ 10).

3. Plaintiff served Lyft on June 17, 2021. *See* Proof of Service, attached as ***Exhibit B***.

4. On July 14, 2021, Plaintiff voluntarily dismissed ROBERT LEWIS without prejudice, leaving LYFT, INC. and LYFT ILLINOIS, INC. as the only remaining defendants in this case. *See* July 14, 2021 dismissal order, attached as ***Exhibit C***.

I. **This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

5. Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged. Both elements for diversity jurisdiction exist in this case.

6. First, there is complete diversity of parties. Plaintiff is an Illinois citizen. (Ex. A at ¶ 4).

7. Defendant Lyft, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business is California. *See* Illinois Secretary of State Corporation File Detail Report for Lyft, Inc., attached as ***Exhibit D.***

8. Defendant, Lyft Illinois, Inc., is the foreign assumed name for Lyft, Inc. *See* Illinois Secretary of State Corporation File Detail Report for Lyft Illinois, Inc., attached as ***Exhibit E***. Lyft Illinois is organized under the laws of the State of Delaware, and Lyft Illinois' principal place of business is California. (Ex.E).

9. Thus, there is complete diversity of all parties in this matter. Plaintiff is an Illinois citizen, and all named Defendants are not. (Exs. A, D, E).

10. Second, this matter contains more than $75,000 in controversy. In his Complaint at Law, Plaintiff alleges that because of the alleged accident he sustained damages of a "serious and permanent injuries, and incurred economic and non-economic damages, including pain &

suffering, disfigurement, disability, loss of normal life, lost earnings, lost employment opportunities, and distress" and seeks recovery in excess of $50,000. (Ex.A at ¶ 10). In discussions with Plaintiff's counsel, the injuries involve a back injury plus a torn rotator cuff that has resulted in multiple surgeries; medical imaging; and tens of thousands of dollars of medical treatment to date. Plaintiff is also pursuing a lost wage claim. Because Illinois' Code of Civil Procedure does not require a party to plead a maximum amount of damages in an Illinois state court filing, the Plaintiff claimed only that his damages *exceed* $50,000 in his underlying State Court Complaint rather than pleading a maximum value. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). However, the nature of Plaintiff's alleged injuries, and the value of his claimed economic and non-economic damages clearly place more than $75,000 in controversy in this matter. *See* 28 U.S.C. § 1446(c)(2)(B).

11. Accordingly, this lawsuit meets both of diversity jurisdiction's elements: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy. 28 U.S.C. § 1332.

12. Next, venue is proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff's Complaint alleges that his injuries stem from a motor vehicle collision that occurred in Cook County, Illinois. (Ex. A, ¶¶ 5-10). Accordingly, a substantial portion of the events giving rise to this accident occurred in Cook County, Illinois. Cook County, Illinois is located in the Northern District of Illinois, Eastern Division. Therefore, this litigation's proper venue is the Northern District of Illinois, Eastern Division.

## II. Lyft Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446

13. Lyft timely filed its Notice of Removal. Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through

service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

14. When Plaintiff initially filed the complaint in state court, he named three defendants, the two foreign Lyft entities, plus Robert Lewis, an Illinois citizen. (Ex. A). Thus, complete diversity of citizenship did not exist on the date that Plaintiff filed his complaint in state court.

15. However, on July 14, 2021, Plaintiff voluntarily dismissed the in-forum defendant, Robert Lewis, from the lawsuit. (Ex.C). This left Lyft and Lyft Illinois as the only defendants. (Ex. C). Pursuant to 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the defendant's receipt of an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is **or has become removable.**"

16. Accordingly, when Plaintiff voluntarily dismissed the only in-forum defendant in this case on July 14, 2021, the action become removable to Federal Court on the basis that the remaining defendants were completely diverse from Plaintiff and the complaint alleged more than $75,000 in controversy. Thus, Lyft has thirty (30) days from July 14, 2021, or more particularly, until August 13, 2021, to file its notice of removal. The only limitation in Sub-Section (b)(3) is that an action may not be removed more than one year after the action was commenced, a situation not present in this case because the action was filed in June 2021. 28 U.S.C. § 1446(c)(1); (Ex.A).

17. Therefore, Lyft satisfied all requirements for removing this action to Federal Court. 28 U.S.C. § 1446(b)(2)(A)-(C).

18. Because this lawsuit meets the requirements for diversity jurisdiction, and Lyft timely filed and served its Notice of Removal, this instant lawsuit qualifies for removal to Federal

Court. Therefore, Lyft requests this lawsuit's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Defendants, LYFT, INC. and LYFT ILLINOIS, INC., respectfully request this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

LYFT, INC., LYFT ILLINOIS, INC.

By: /s/ Erik L. Andersen

Richard C. Huettel / ARDC No. 6190664
Erik L. Andersen / ARDC No. 6255553
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE, LLP
222 W. Adams Street, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
rhuettel@cassiday.com
eandersen@cassiday.com
jmaruna@cassiday.com

*Counsel for Defendants, Lyft, Inc., Lyft Illinois, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August _____, 2021, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. A paper copy was placed in U.S. Postal Service to the only attorney of record with an appearance on file on the Cook County Docket:

> Bryan O'Connor
> WHITESIDE & GOLDBERG, LTD.
> 155 N. Michigan Ave., Suite 540
> Chicago, IL 60601
> (312) 334-6875
> boconnor@wglawgroup.com

Furthermore, the Defendant has placed a copy of this removal notice for filing with the Clerk of the Cook County Circuit Court.

/s/ James F. Maruna