**Bryan O'Connor**



| | |
|---|---|
| **From:** | Bryan O'Connor |
| **Sent:** | Friday, November 19, 2021 6:56 PM |
| **To:** | 'Maruna, James F.' |
| **Cc:** | Andersen, Erik L.; Huettel, Richard C. |
| **Subject:** | Shumaker v. Lyft, Inc. et al -1:21-cv-04267 (N.D. Ill.) |
| **Attachments:** | Pltf Interrogatories to Lyft .pdf; Pltf Request for Production to Lyft.pdf |

Attached are Plaintiff's Discovery Requests to Defendant Lyft

Bryan J. O'Connor
*Attorney at Law*
Whiteside & Goldberg, Ltd.
boconnor@wglawgroup.com
www.wglawgroup.com

**Chicago Office Location**
155 N. Michigan Ave. - Suite 540
Chicago, IL 60601
Phone: (312) 334-6875
Fax: (800) 334-6034

**Shorewood Office Location:**
301 Channahon Street
Shorewood, IL 60404
Phone: (815) 730-7535
Fax: (800) 334-6034

This message is being sent by Whiteside & Goldberg, Ltd., a law firm. The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CLEON SHUMAKER** | ) | |
| | ) | **Hon. Judge Dow** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 21-cv-04267 |
| | ) | |
| **LYFT, INC. and LYFT ILLINOIS, INC.** | ) | |
| | ) | |
| Defendants, | ) | |

**PLAINTIFF'S RULE 33 INTERROGATORIES TO DEFENDANT LYFT**

**DEFINITIONS**

    1.    The terms "you", "your", and "Defendant" refer to Lyft Inc., Lyft Illinois, Inc., or any subsidiary/parent corporation of Lyft.

    2.    The term documents as used in these Requests means any writings and any other such tangible thing containing information, whether printed, recorded, written, or produced by hand, or reproduced by any process, including, but not limited to, notes, letters, reports, summaries, agreements, communications, correspondence, contracts, telegrams, memoranda, notices, facsimiles, registers, summaries of or records of personal conversations, diaries, proposals, forecasts, quotations, photographs, surveys, notebooks, charts, plans, drawings, sketches, bills of material, minutes or records of meetings or conferences, internal rules of regulations, expressions or statements of policy, lists of persons attending meetings, or conferences, reports or summaries of interviews, reports or summaries of investigations, consultants' opinions or reports, reports or summaries of inspections, reports or summaries of negotiations, status reports, progress reports, brochures; pamphlets, advertisement, circulars, manuals, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, labels, purchase orders, invoices, receipts, financial statements, and accounting work papers.

    3.    As used herein, the term identify means:

        (a)    As to documents, give the date of each such document, the author thereof, the signer thereof, if any, the person to whom addressed, if any, any file, index, or other identifying number affixed thereto and its general common generic name, and specify the person having custody or control thereof.

        (b)    As to telephone communications, give the name of the parties to each such communication and the titles of those parties, the telephone number at which the person called was reached, and the substance of the communication.

(c) As to observations, give the date of each such observation, the name of the person who observed, the name of the school, college, or institution at which he observed, the class which he observed, the name of the teacher of the class, and the substance of any communication with the teacher, either prior to, during, or subsequent to the observation.

(d) As to meeting and contacts, give the date of each such meeting or contact, the participants thereto and the titles of those participants, and the substance thereof. Identify all documents written during or as a result of such meeting or contact. Identify all telephone communications made at or as a result of such meeting or contact.

4. The term describe, when used with reference to an oral communication or conversation, means to give the following information with respect to such communication:

(a) Whether it was uttered over the telephone or at any meeting.
(b) Identify the person who uttered such oral communication.
(c) Identify the person to whom such oral communication was uttered.
(d) Identify all persons present at the time the oral communication was uttered.
(e) The nature, subject matter and substance of such oral communication or conversation.
(f) The date on which each such oral communication or conversation was held or made.
(g) The place where each such oral communication or conversation was held or made.
(h) Whether any document was made regarding the substance of any oral communication or conversation, and if so, describe such document.

5. As used herein, the phrase meeting and contacts means interlocutions of any kind, including, but not limited to, conversations between two or more people and telephone communications.

6. The term communication means a written or oral communication including, without limitation, any conversation, discussion or other oral statement made in person or by telephone or similar telephonic means and any correspondence, memorandum, notes, telegrams, telex, reports or other written form of communication.

7. The term "occurrence" refers to the November 20, 2019 incident in the vicinity of 5145 South Cicero Ave., involving Plaintiff (who was operating a CTA bus) and a vehicle operated by Robert Lewis.

# PLAINTIFF'S INTERROGATORIES TO DEFENDANT

1. List the name, address, job title and present employer of each person answering (*or assisting in answering*) these Interrogatories on behalf of "Defendant".

   **ANSWER:**

2. List the names and addresses of all persons who witnessed (*or claim they witnessed*) the "occurrence". IF ANY PERSONS LISTED HEREIN are or have been employees/representatives of your company, please also state:

   (i) Whether they are currently employed by you.

   (ii) The dates (periods of time) in which they have been employed by you.

   **ANSWER:**

3. List the full name and addresses of all persons who were at the site of the "occurrence" (*or claim they were at the site of the "occurrence"*) within two hours of the "occurrence". IF ANY PERSONS LISTED HEREIN are or have been employees/representatives of your company, please also state:

   (i) Whether they are currently employed by you.

   (ii) The dates (periods of time) in which they have been employed by you.

   **ANSWER:**

4. List the full name and addresses of all persons who (A) observed (*or claim they observed*) Plaintiff within two hours of the "occurrence"; or (B) communicated (*or claim they communicated with Plaintiff or claim they overhead any communications involving Plaintiff*) with Plaintiff within two hours of the "occurrence".

   (i) Whether they are currently employed by you.

   (ii) The dates (periods of time) in which they have been employed by you.

   **ANSWER:**

5. List the full name and addresses of all persons who (A) observed (*or claim they observed*) Robert Lewis within two hours of the "occurrence"; or (B) communicated (*or claim they communicated with Robert Lewis or claim they overhead any communications involving Plaintiff*) with Robert Lewis within two hours of the "occurrence".

   (i) Whether they are currently employed by you.

3

(ii) The dates (periods of time) in which they have been employed by you.

**ANSWER:**

6. List the names and addresses of all persons who were inside a vehicle operated by Robert Lewis anytime within 60 minutes of the "occurrence".

**ANSWER**:

7. Identify/List all reports, documents, communications relating to the "occurrence" that were submitted by (or signed by) Robert Lewis, Plaintiff, or any of the persons listed in Answers 2 through 6.

**ANSWER**:

8. For the period November 1, 2018 through December 1, 2019, identify/list all agreements, leases, contracts, or affiliations between "your" company and Robert Lewis.

**ANSWER**:

9. For the period September 20, 2019 through November 20, 2019, identify/list all promotions, driver incentive programs, discounts, coupons, notifications, offers, notices, graphics, or images <u>sent to Robert Lewis through the Lyft application/platform</u>.

**ANSWER**:

10. Regarding the vehicle Robert Lewis was operating at the time of the "occurrence", was it equipped with any event data recorders, black boxes, satellite vehicle tracking equipment, or similar technology? IF YES, identify/list all such equipment and who possesses each such equipment.

**ANSWER**:

11. Regarding the vehicle Robert Lewis was operating at the time of the "occurrence", were "you" tracking that vehicle via GPS or similar tracking equipment/technology? IF YES, identify/list all such equipment and who possesses each such equipment.

**ANSWER**:

12. Regarding the vehicle operated by Robert Lewis at the time of the "occurrence", do you contend there was any equipment failure that contributed to this "occurrence"? IF YES, then identify/list all such failures, including identifying/listing all equipment that failed.

**ANSWER**:

13. Other than the "occurrence" at issue, has Robert Lewis been involved in any other incidents wherein a vehicle he operated made contact with another vehicle or with a pedestrian, bicycle, cyclist, motorcycle, etc? IF YES, then for each such incident, list

    (a) the date of such incident.

    (b) the government, municipal, or law enforcement agency who investigated such incident.

    (c) Whether "your" company prepared(received) any records/reports concerning such incident.

    **ANSWER**:

14. Other than the "occurrence" at issue, has Robert Lewis been involved in any other incidents where a person claimed to have sustained an injury as a result of an occurrence involving a vehicle driven by Robert Lewis? IF YES, then for each such incident, list

    (a) the date of such incident.

    (b) the government, municipal, or law enforcement agency who investigated such incident.

    (d) Whether Lyft Inc has any records/reports concerning such incident.

    **ANSWER**:

15. Has "your" company received (or are "you" aware of) any complaints about Robert Lewis or any reports of negligence/misconduct by Robert Lewis? IF YES, for each such complaint/report, list

    (a) the name and address of the person (entity) who made such complaint/report.

    (b) the name and address of the person (entity) to whom such complaint/report was made.

    (e) Whether "you" any records/reports concerning such complaint/report.

    **ANSWER**:

16. For the period November 1, 2017 through December 1, 2019, and excluding any non-moving offenses such as parking violations, list/identify all traffic tickets or citations that Robert Lewis was issued (or charged with).

    **ANSWER**:

17. Has Robert Lewis ever had his driver's license suspended or revoked? IF YES, list all dates on which it was suspended/revoked and for each of those dates list the basis (reasons) why it was suspended/revoked

**ANSWER**:

18. Does Robert Lewis have any condition which required a physician's report and/or letter of approval in order to drive? IF YES, list the name and address of the physician or other health care professional who issued the letter/report permitting him to drive?

**ANSWER**:

19. Were any photographs, image, footage, surveillance or videos taken of the scene of the "occurrence" or of the persons or vehicles involved? If so, list the names & addresses of all persons/entities who took any such photo/image and the names & addresses of all persons/entities who currently possess any such photo/image.

**ANSWER**:

20. Do you have any information:

(a) That Plaintiff was, within the five years immediately prior to the occurrence, confined in a hospital and/or clinic, treated by a physician and/or other health professional, or x-rayed for any reason other than personal injury? If so, state the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional.

(b) That Plaintiff has suffered any serious personal injury and/or illness prior to the date of the occurrence? If so, state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered;

(c) That Plaintiff has suffered any serious personal injury and/or illness since the date of the occurrence? If so, state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered;

(d) That Plaintiff has ever filed any other suit for his or her own personal injuries? If so, state the court and caption in which filed, the year filed, the title and docket number of the case.

(e) That Plaintiff has filed for bankruptcy? If so, state the court and caption in which filed, and the title and docket number of the case.

**ANSWER**:

21. Regarding the vehicle Robert Lewis was operating at the time of the "occurrence", was it repaired following the "occurrence"? IF YES, list the names and addresses of all persons/entities who examined, inspected, appraised, or repaired said vehicle after the "occurrence".

**ANSWER**:

22. Regarding the vehicle Robert Lewis was operating at the time of the "occurrence", and anytime during the one year prior to or one month subsequent to the "occurrence", was said vehicle serviced, inspected, appraised or repaired (not including oil changes or fuel fill-ups), including installing/placing new tires or equipment on the vehicle? IF YES, list the names and addresses of all persons/entities who did any such repairs/inspections/work.

**ANSWER**:

23. List/Identify all manuals, rules, regulations, directives, terms & conditions, training programs, videos, meeting minutes or the like that were in place on the date of "occurrence" pertaining to persons driving on behalf of Defendant or drivers transporting persons who sought rides/transportation on any of "your" platforms/apps.

**ANSWER:**

24. With respect to the "occurrence", list/identify all policies of insurance which potentially provide coverage for the "occurrence", and for each such policy list the policy number, the effective period, the limits of the liability for each person and each occurrence, and whether the policy was for primary, secondary, excess or umbrella coverage.

**ANSWER**:

25. Other than Plaintiff and Robert Lewis, do you contend any other person, agent, individual, business entity, or government entity is responsible in any way for Plaintiff's injuries? IF YES,

 (a) List every fact on which you base this contention;

 (b) List the name and address of every witness whose testimony would support this contention;

 (c) Identify with sufficient particularity to allow Plaintiff to frame a notice to produce, each and every writing that supports the contention.

**ANSWER**:

26. Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each Interrogatory, specify the legal basis for the claim as required by Illinois Supreme Court Rule 201(n).

**ANSWER:**

27. Pursuant to Supreme Court Rule 213 (f), identify the names and addresses of all persons who will testify at trial, together with the subject of each witnesses' testimony, and all other information required under Rule 213 for any trial witnesses, and further state:

    (a)    the subject matter on which the opinion witness or person is expected to testify.

    (b)    the conclusions and opinions of such witness or person; and

    (c)    the qualifications of each witness or person.

    (d)    any materials on which they will rely or on which their opinions are based

**ANSWER**:

28. List the names and addresses of all persons with whom Robert Lewis had any communications (phone, text, digital, electronic, oral, face-to-face) in the one hour prior to the collision and in the 30 minutes subsequent to the collision. IF ANY PERSONS LISTED HEREIN are or have been employees/representatives of your company, please also state:

    (i) Whether they are currently employed by you.

    (ii) The dates (periods of time) in which they have been employed by you.

**ANSWER:**

29. At the time of the "occurrence", did Robert Lewis have a phone (or electronic communication device) in his possession or somewhere inside his vehicle? IF YES, for each such phone (electronic communication device), list the phone number and phone provider/carrier for that number.

**ANSWER:**

30. Excluding persons listed in Answers #1 through #29, list the names and addresses of all persons who you believe to have knowledge of the facts of the occurrence which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**ANSWER:**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| CLEON SHUMAKER | ) | |
| --- | --- | --- |
| | ) | **Hon. Judge Dow** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.: 21-cv-04267 |
| | ) | |
| LYFT, INC. and LYFT ILLINOIS, INC. | ) | |
| | ) | |
| **Defendants,** | ) | |

## PLAINTIFF'S RULE 34 REQUEST FOR PRODUCTION TO DEFENDANT LYFT

**DEFINITIONS**

    1.    The terms "you", "your", and "Defendant" refer to Lyft Inc., Lyft Illinois, Inc., or any subsidiary/parent corporation of Lyft.

    2.    The term documents as used in these Requests means any writings and any other such tangible thing containing information, whether printed, recorded, written, or produced by hand, or reproduced by any process, including, but not limited to, notes, letters, reports, summaries, agreements, communications, correspondence, contracts, telegrams, memoranda, notices, facsimiles, registers, summaries of or records of personal conversations, diaries, proposals, forecasts, quotations, photographs, surveys, notebooks, charts, plans, drawings, sketches, bills of material, minutes or records of meetings or conferences, internal rules of regulations, expressions or statements of policy, lists of persons attending meetings, or conferences, reports or summaries of interviews, reports or summaries of investigations, consultants' opinions or reports, reports or summaries of inspections, reports or summaries of negotiations, status reports, progress reports, brochures; pamphlets, advertisement, circulars, manuals, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, labels, purchase orders, invoices, receipts, financial statements, and accounting work papers.

    3.    As used herein, the term identify means:

        (a)    As to documents, give the date of each such document, the author thereof, the signer thereof, if any, the person to whom addressed, if any, any file, index, or other identifying number affixed thereto and its general common generic name, and specify the person having custody or control thereof.

        (b)    As to telephone communications, give the name of the parties to each such communication and the titles of those parties, the telephone number at which the person called was reached, and the substance of the communication.

(c) As to observations, give the date of each such observation, the name of the person who observed, the name of the school, college, or institution at which he observed, the class which he observed, the name of the teacher of the class, and the substance of any communication with the teacher, either prior to, during, or subsequent to the observation.

(d) As to meeting and contacts, give the date of each such meeting or contact, the participants thereto and the titles of those participants, and the substance thereof. Identify all documents written during or as a result of such meeting or contact. Identify all telephone communications made at or as a result of such meeting or contact.

4. The term describe, when used with reference to an oral communication or conversation, means to give the following information with respect to such communication:

(a) Whether it was uttered over the telephone or at any meeting.
(b) Identify the person who uttered such oral communication.
(c) Identify the person to whom such oral communication was uttered.
(d) Identify all persons present at the time the oral communication was uttered.
(e) The nature, subject matter and substance of such oral communication or conversation.
(f) The date on which each such oral communication or conversation was held or made.
(g) The place where each such oral communication or conversation was held or made.
(h) Whether any document was made regarding the substance of any oral communication or conversation, and if so, describe such document.

5. As used herein, the phrase meeting and contacts means interlocutions of any kind, including, but not limited to, conversations between two or more people and telephone communications.

6. The term communication means a written or oral communication including, without limitation, any conversation, discussion or other oral statement made in person or by telephone or similar telephonic means and any correspondence, memorandum, notes, telegrams, telex, reports or other written form of communication.

7. The term "occurrence" refers to the November 20, 2019 incident in the vicinity of 5145 South Cicero Ave., involving Plaintiff (who was operating a CTA bus) and a vehicle operated by Robert Lewis.

# PLAINTIFF'S REQUEST FOR PRODUCTION

1. Statements (or notes/memoranda of interviews/communications) by any person who:

    (a) witnessed (*or claims to have witnessed*) the "occurrence".

    (b) was at the site of the "occurrence" (*or claims to have been at the site of the "occurrence"*) within two hours of the "occurrence".

    (c) communicated with Plaintiff (*or claims to have communicated with Plaintiff or claims to have overheard communications involving Plaintiff*) within two hours of the "occurrence".

    (d) observed (*or claims they observed*) Plaintiff within two hours of the "occurrence".

    (e) communicated with Robert Lewis (*or claims to have communicated with Robert Lewis or claims to have overheard communications involving Robert Lewis*) within two hours of the "occurrence".

    (f) observed (*or claims they observed*) Robert Lewis within two hours of the "occurrence".

2. All photographs, slides, images, footage, surveillance, videos, data, of the scene of the "occurrence" or any of the vehicles involved in the "occurrence" or any of the parties to this lawsuit.

3. For November 20, 2019, all documents/data showing all communications, texts, notices, transmittals, notifications, emails, sent to (or received by) Robert Lewis within two hours of the "occurrence".

4. For the period September 20, 2019 through November 20, 2019, all documents/data identifying all promotions, driver incentive programs, discounts, coupons, notifications, offers, notices, graphics, or images applicable to persons driving on behalf of "your" company or to drivers transporting persons who requested rides/transportation via one of "your" platforms/apps.

5. All documents/data identifying surge pricing in Chicago on the date of November 20, 2019.

6. Regarding the vehicle Robert Lewis was operating at the time of the "occurrence", all maintenance, inspection, and repair records/documents/data.

7. Regarding Robert Lewis, all applications and background checks.

8. Regarding the vehicle operated by Robert Lewis at the time of the "occurrence", all documents/data identifying the names and addresses of all persons riding inside that vehicle at

the time of the "occurrence" or in the 60 minutes prior thereto or in the ten minutes subsequent to the "occurrence".

9. Any images, photos, videos, footage, or surveillance of Plaintiff or Robert Lewis.

10. Complete, unedited, and unabridged copies of all of the following: police, accident, investigative or incident reports or summaries concerning the "occurrence".

11. For the period November 20, 2017 through November 21, 2019, all documents, leases, contracts, agreements or affiliations between "your" company and Robert Lewis.

12. All medical reports, memoranda of interviews, medical bills, vouchers, or receipts or other documents as to the physical or mental condition of the Plaintiff prior and subsequent to the alleged occurrence, including, inter alia, injuries sustained in other accidents.

13. Regarding the vehicle operated by Robert Lewis at the time of the "occurrence", and for the date of November 20, 2019, all documents, records, or data obtained/downloaded from any event data recorders, black boxes, satellite vehicle tracking equipment, or similar technology.

14. Regarding the vehicle operated by Robert Lewis at the time of the "occurrence" and for the date of November 20, 2019, all documents, records, or data obtained/downloaded from any GPS or similar technology which was tracking Robert Lewis's vehicle on that date.

15. All documents/records/data concerning incidents involving Robert Lewis in which (a) a vehicle that Robert Lewis was operating made contact with another vehicle or with a pedestrian, bicycle, cyclist, motorcycle, etc; or (b) a person claimed to have sustained an injury as a result of an occurrence involving a vehicle driven by Robert Lewis.

16. All documents/records/data concerning complaints (reports) about Robert Lewis, including complaints (reports) about her driving habits (safety) and any alleged negligence or misconduct.

17. For the period November 20, 2018 through December 1, 2019, all manuals, rules, regulations, directives, terms & conditions, training programs, videos, meeting minutes or the like that were in place on the date of "occurrence" pertaining to persons driving on behalf of "your" company or to drivers transporting persons who requested rides/transportation via one of "your" platforms/apps.

18. For the period November 20, 2018 through November 20, 2019, all payroll, earnings, wages, and benefit records/data for Robert Lewis..

19. The entire personnel file for Robert Lewis.

20. For the period November 20, 2017 through November 20, 2019, all documents/data relating to Robert Lewis's driving history/habits, including analytics and date regarding his driving habits, as well as any driver safety scores or data.

21. For the period November 20, 2017 through November 20, 2019, all documents/data showing all ratings and riders comments applicable to Robert Lewis.

22. All records/documents/data relating to the use [on November 20, 2019] of any cellular, telephone, or electronic device inside the vehicle (or on the person of) Robert Lewis was driving at the time of the "occurrence".

23. Excluding non-moving offenses such as parking tickets/violations, copies of all traffic tickets, citations, safety violations issued to Robert Lewis and all documents (notices) sent to Robert Lewis about his driving habits or driver safety.

24. All reports, memoranda, correspondence, or other documents regarding any expert examinations on any of the issues alleged in any Complaints, Counterclaims or Third-Party actions in this cause.

25. All standards, statutes, guidelines, rules, customs & practices, standards, testing data, writing of learned treatises, periodicals, publications and catalogs purporting to relate to any of the issues alleged in the Complaints, Counterclaims and Third-Party actions in this cause.

26. All documents, papers, tangible objects or evidence which Defendant intends to introduce into evidence at the trial of the above-captioned case.

27. All documents, papers, tangible objects or evidence which Defendant intends to use during an examination or cross-examination of any witness.

28. For the period September 20, 2019 through November 20, 2019, all trip sheets, fares, and documents relating to driving that Robert Lewis did on "your" behalf or while he was transporting a person who requested rides/transportation via one of "your" platforms/apps.

29. All documents relating to policies of insurance which were sent to (or signed by) Robert Lewis.

30. Produce all documents listed/referenced Answer to Interrogatory #7.

31. For Answer to Interrogatory #9, produce all such promotions, driver incentive programs, discounts, coupons, notifications, offers, notices, graphics, or images.

32. If you answered YES to Interrogatory #15, produce all documents relating to such complaints, etc.

33. For Answer to Interrogatory #16, produce all documents/data pertaining to such violations/citations.

34. For Answer to Interrogatory #17, produce all documents/data pertaining to the suspension/revocation of his driver's license.

35. If you answered YES to Interrogatory #18, produce all such reports.

36. For Answer to Interrogatory #22, produce all documents/data pertaining to such inspections, examinations, repairs.

37. For Answer to Interrogatory #23, produce all documents/data pertaining to such rules, regulations, terms & conditions, etc.

38. If you answered YES to Interrogatory #25, produce all documents/data supporting your contention.

                                            Respectfully submitted,
                                            WHITESIDE & GOLDBERG

                                            Bryan O'Connor

Bryan O'Connor
WHITESIDE & GOLDBERG, LTD.
155 N. Michigan Ave., Suite 540
Chicago, IL 60601
312-334-6875
boconnor@wglwgroup.com