UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEON SHUMAKER | ) |
| | ) Hon. Judge Dow |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 21-cv-04267 |
| | ) |
| LYFT, INC. and LYFT ILLINOIS, INC. | ) |
| | ) |
| Defendants, | ) |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

Plaintiff moves to compel the following two depositions:

    i.   Quinn Flemming
   ii.   Malia Hairston

As part of this motion, Plaintiff seeks an order that it can directly contact Ms. Malia Hairston.

   1.  The parties had a Rule 37 conference, including phone conference and email exchanges, but were unable to resolve their differences.

   2.  In November and December 2019, Quinn Flemming and Malia Hairston were Lyft representatives who spoke, via telephone, with Defendant Robert Lewis regarding the occurrence at issue.

   3.  Quinn Flemming is apparently still employed with Lyft.

   4.  Plaintiff has located current contact information for Malia Hairston. In line with <u>Orlowski v Dominick's Finer Foods</u> [937 F. Supp. 723 (N.D. IL 1996)], Plaintiff asserts it can directly contact Ms. Hairston. However, for cautionary reasons, Plaintiff Counsel requested permission from Lyft's Counsel to do so (see Plaintiff Counsel's Rule 37 attestation). Lyft's Counsel has not responded, so Plaintiff requests the Court to decide whether Plaintiff Counsel can directly contact Ms. Hairston.

1

5. These two depositions will take about 10-15 minutes each, and can be done via zoom. The attached (Ex. 1) exhibit produced by Lyft is the only anticipated exhibit at each deposition. Based on this document, Mr. Flemming and Ms. Hairston spoke with Robert Lewis about the occurrence, shortly thereafter.

6. Given the evidence to date, either Plaintiff or Robert Lewis is lying. Plaintiff testified he was on the bus when it was rearended by the Lyft vehicle driven by Mr. Lewis, who testified unequivocally that he saw Plaintiff standing on the sidewalk at impact, and then saw Plaintiff scurry onto the bus, apparently trying to concoct an injury and legal claim.

7. Given that Mr. Lewis contends Plaintiff is perpetrating a massive fraud in this case, he presumably would have advised Lyft of such when he spoke with them after the crash, but did not do so based on Lyft's notes (Ex. 1). Obviously, the failure to mention Plaintiff's fraudulent conduct is an admission by omission (silence), which is necessary and critical evidence, seriously undermining Defendants' arguments. Plaintiff will use the Lyft representative, whom it seeks to depose, for foundational purposes regarding the aforementioned admission.

8. Clearly, Plaintiff absolutely needs to depose Mr. Flemming and Ms. Hairston. The only substitute would be stipulation by Lyft that Mr. Lewis never advised Lyft (or its insurers), prior to the date a lawsuit was filed, that Mr. Shumaker was not on the bus at impact. Even that stipulation is unfairly limiting to Plaintiff, as Lyft will then argue at trial that its representatives never asked whether Plaintiff was on the bus at impact. This is further reason this deposition(s) is so critical. Plaintiff needs to ascertain the customary questions Lyft representatives ask its drivers involved in vehicle collisions, and that any indication the alleged injured person was not on the bus and/or perpetrating some scam/fraud would be documented in Lyft's memos/notes (Ex. 1).

9. There is no legal basis for Lyft objecting to these depositions, especially that of Ms. Hairston, who is no longer a Lyft employee and was never part of its control group.

WHEREFORE, Plaintiff requests an order compelling the following two depositions:

   i. Quinn Flemming
   ii. Malia Hairston

And Plaintiff requests further order that it can directly contact Ms. Malia Hairston.

Respectfully submitted,
WHITESIDE & GOLDBERG
Attorneys for Plaintiff

_____
BRYAN J. O'CONNOR

WHITESIDE & GOLDBERG, LTD.
155 N. Michigan Ave., Suite 540
Chicago, IL 60601
312-334-6875 (ph) / 800-334-6034 (fax)
boconnor@wglwgroup.com

## RULE 37.2 ATTESTATION

I, Bryan J. O'Connor, under oath, attest that, on August 30, 2022, there was a phone conference regarding this motion to compel with myself, James Maruna and Jeffrey Greenbaum, wherein James Maruna and I detailed our respective positions, but were unable to resolve the dispute. Subsequent to the August 30, 2022 phone conference, Jim Maruna proposed a stipulation which Plaintiff rejected. On September 1, 2022, I emailed Jim Maruna, requesting permission to directly contact Ms. Malia Hairston.

_____
BRYAN J. O'CONNOR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEON SHUMAKER | ) |
| | )    Hon. Judge Dow |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 21-cv-04267 |
| | ) |
| LYFT, INC. and LYFT ILLINOIS, INC. | ) |
| | ) |
| Defendants, | ) |

## **CERTIFICATE OF SERVICE**

TO: See attached Service List

    I certify that, on the 2nd day of SEPTEMBER, 2022, I electronically filed Plaintiff's Motion [**to compel depositions**] with the Clerk of the Northern District of Illinois using the CM/ECF System (Next Gen) which will send notification of such filing to the attorneys listed on the attached Service List. On September 2, 2022, I also emailed the aforementioned motion to the persons listed on the Service List.

    /s/Bryan J. O'Connor
    Bryan O'Connor, ARDC #6285062
    One of the Attorneys for Plaintiff

WHITESIDE & GOLDBERG, LTD.
155 N Michigan Ave, Suite 540
Chicago, IL 60601
Phone: (312) 334-6875
boconnor@wglawgroup.com

4

**Service List**
*Shumaker v Lyft, et. al. (21 cv 04267)*

**Defendants - Lyft, Inc.; and Lyft, Illinois, Inc.**
James Maruna
CASSIDAY SCHADE LLP
222 W. Adams St., #2900
Chicago, IL 60606
jmaruna@cassiday.com


**Defendant - Robert Lewis**
Jeffrey S. Greenbaum and Michael P. Stauder
CHILTON YAMBERT PORTER LLP
303 West Madison Street, Suite 2300
Chicago, Illinois 60606
jgreenbaum@cyp-law.com
mstauder@cyp-law.com