UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEON SHUMAKER,<br><br>    Plaintiff,<br><br>v.<br><br>LYFT, INC. AND LYFT ILLINOIS, INC.,<br><br>    Defendants. | Case No. 21 C 4267<br><br>Magistrate Judge Sunil R. Harjani |

## ORDER

  Currently before this Court is Defendant Lyft Inc.'s ("Lyft") Motion to Compel [54].

  This case concerns a personal injury lawsuit. Plaintiff Shumaker, a former Chicago Public Transit driver, was allegedly rear-ended by Defendant Robert Lewis's vehicle. Mr. Lewis was operating his vehicle as an agent of Defendant Lyft at the time of the accident. Doc. [1-1]. Lyft asks this Court to order Shumaker to answer more fully several of its interrogatories and requests for production. For the reasons stated below, Lyft's Motion to Compel is granted in part and denied in part.

  Under Federal Rule of Civil Procedure 26(b)(1), parties are entitled to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In considering the appropriate discovery in any case, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In determining the scope of discovery under Rule 26, relevance is construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). After all, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "A court must also "limit the frequency or extent of discovery otherwise allowed by [the] rules" if "the discovery sought is unreasonably cumulative or duplicative" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Whenever another party fails to respond to a discovery request or when its response is evasive or incomplete, a party may file a motion to compel under Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a). Furthermore, magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); *see also* Fed. R. Civ. P. 16(b)-(c) (providing the court broad authority to enter orders regarding the controlling and scheduling of discovery).

1

At the outset of his response brief, Shumaker argues that Lyft is seeking duplicative discovery because it already extensively deposed him on the issues raised in this motion. Doc. [56] at 1. Shumaker relies on *Schotthofer v Hagstrom Constr. Co.*, to claim that it is an abuse of the discovery process to issue interrogatories to a party after their deposition has been taken, to the extent that the interrogatories make inquiry into the same particulars covered in the prior deposition. 23 F.R.D. 666, 668 (S.D. Ill. 1958). This argument lacks merit here. First, the court in that case ordered the responding party to answer the interrogatories. *Id.* Second, the court noted that there is no blanket objection to interrogatories after a deposition is taken. *Id.* But here, Lyft issued its interrogatories prior to Shumaker's deposition. Moreover, Shumaker did not provide a deposition transcript showing that Lyft examined him on all the issues raised in the interrogatories. Finally, "[a] party is not prevented from obtaining an interrogatory response just because the information requested by the interrogatory is similar to other discovery already obtained." *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.,* No. 18 C 0825, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020).

**Interrogatories**

The Court will first address Lyft's arguments related to each of the disputed interrogatories. Interrogatories posed to a party "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "To this end, it is well-settled that a responding party 'must provide true, explicit, responsive, complete, and candid answers to interrogatories.'" *Gudkovich v. City of Chicago*, No. 17 CV 8714, 2022 WL 252716, at *8 (N.D. Ill. Jan. 27, 2022) (citations omitted). The answers must include all information within the responding party's knowledge or control. *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *4 (N.D. Ill. Apr. 28, 2003).

**No. 5**

In interrogatory number 5, Lyft asked Shumaker to identify all persons who he spoke with on the day of the accident or on the day immediately after the accident. Doc. [54-1] at 2. Shumaker's response stated that he spoke with his supervisor but could not recall his name. Doc. [54-1] at 17, 20. Lyft takes issue with Shumaker's inability to recall the name of the supervisor he spoke with on the day of the accident. Doc. [54] at 5. Lyft argues that Shumaker should investigate the name of his supervisor by calling the CTA's human resource office or by asking his current supervisor. *Id.* In making its argument, Lyft relies on this Court's previous opinion where the Court noted that a "[l]ack of personal knowledge does not exempt a party from answering to the extent possible, 'because [the] duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others.'" *Gevas v. Dunlop*, No. 18 C 6556, 2020 WL 814875, at *1 (N.D. Ill. Feb. 19, 2020) (citing *Jones v. Syntex Laboratories, Inc.*, No. 99 C 3113, 2001 WL 1338987, at * 3 (N.D. Ill. Oct. 30, 2001)). However, in that case, plaintiff was seeking information from the Illinois Department of Corrections. *Id.* There, this Court found that it was implausible to suggest that the IDOC, a government entity, was unaware or could not easily determine information related to one of its employees. *Id.* at 2.

Here, Shumaker is not a corporation or a government entity, and therefore, unlike the IDOC in *Gevas*, which had control over other entities and employees, Shumaker does not have control

2

over the CTA to determine his supervisor's name. *See Bell v. Woodward Governor Co.,* No. 03 C 50190, 2005 WL 289963, at *2 (N.D. Ill. Feb. 7, 2005) ("Under Rule 33(b), interrogatories must be answered fully and include all information within the party's control or known by the party's agents. If a party lacks knowledge or information needed to answer, the party must respond in a way that lets the requesting party know the information is not available."); *see also Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.,* 240 F.R.D. 401, 413 (N.D. Ill. 2007) ("Because the defendants have no control over the former officers, directors or employees, . . . plaintiff's motion to compel defendants to interview third parties [is] not within their control."); *Brock v. Hooker Chemical*, No. 83 C 8383, 985 WL 2120, at *1 ("If a party is a corporation, information in the hands of an agent and others within its control must be supplied."). Shumaker unequivocally stated that he does not recall his supervisor's name. Shumaker's response is sufficient because he provided information that is within his knowledge and control. Shumaker need not inquire any further. *See Bell,* 2005 WL 289963, at *5 ("If a party genuinely does not know an answer, it must indicate that the information is unavailable."). Moreover, although Shumaker may technically still be an employee of the CTA, as Lyft claims, Shumaker has not worked with the CTA since the crash, and he has a pending adversarial worker's compensation claim with the CTA. Doc. [54] at 5;[56] at 2-3. Thus, his access to information from the CTA is further limited. Finally, Rule 45 provides a mechanism to obtain information from a third party and that is still available to Lyft.

**No. 9**

In interrogatory number 9, Lyft asked Shumaker to list the names of people who he spoke to since the accident, about the accident. Doc. [54-1] at 3. In his supplemental response, Shumaker stated that he spoke to his deceased grandmother and likely to his brother, Charles. *Id*. at 21. Lyft argues that the response must be more definitive as to his brother. Doc. [54] at 6. Lyft suggests that Shumaker must ask his brother to confirm if they had a conversation about the accident. *Id.* The Court disagrees. Like in interrogatory number 5, Shumaker unequivocally stated that he does not recall with certainty if he spoke to his brother about the accident. Shumaker's response is sufficient because the only information in his knowledge and control is his memory, and he need not further inquire with his brother. *See Mod. Eng'g, Inc. v. Peterson*, No. CIV. 07-CV-1055, 2007 WL 2680563, at *2 (C.D. Ill. July 16, 2007) ("Defendant is directed to answer, in detail, interrogatory 7 from his memory and/or consultation with any personal calendar kept by Defendant and answer the interrogatory to the best of his ability. The Defendant is under no obligation to use records that belong to a third party to refresh his recollection before answering."). Shumaker is not under any obligation to conduct discovery on behalf of Lyft and inquire as to whether the conversation actually occurred.

**No. 10**

In interrogatory number 10, Lyft asked Shumaker to list the names of people he spoke to as part of any post-accident investigation. Doc. [54] at 6. Shumaker's answer stated that he did not personally conduct or participate in any formal investigation about the accident and does not recall who he spoke with at the CTA about the accident. Doc. [54-1] at 22. Lyft notes that the CTA produced reports from the day of the incident showing handwritten submissions by Shumaker. Therefore, Lyft believes that Shumaker's answer, that he did not participate in any post-accident investigation, is false. Doc. [54] at 6-7; Doc. [56-2, 56-3, 56-4]. It is unclear to the

3

Court whether Shumaker considered the reports he filled out to be part of an investigation. Nevertheless, this interrogatory asks for the names of people Shumaker spoke to, and Shumaker answered that he does not recall. As a result, Shumaker's response is explicit and complete. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326–27 (N.D. Ill. 2005) ("If Koch's position is that there is no information in their possession . . . it must say so unambiguously in answer to interrogatory 11."). If Lyft has additional information to demonstrate that Shumaker is lying, the appropriate procedure is to file a motion under Rule 37 for an evasive answer to an interrogatory. However, at this time, for the reasons stated in interrogatory number 5, Shumaker need not inquire any further.

**No. 16**

In interrogatory number 16, Lyft asked Shumaker if he received any money or other payments because of this accident, including workers compensation payments, and the amount of those payments. Doc. [54-1] at 23-24. Shumaker answered that he receives temporary total disability workers compensation payments, but he also stated that he was unsure of the amount he has received. *Id.* at 24. Shumaker then directed Lyft to seek the answer to this interrogatory directly from the CTA. *Id.* In his response brief, Shumaker states that, as part of his response to this interrogatory, he forwarded a CTA ledger to Lyft that *apparently* lists every medical and indemnity payment he received from the CTA. Doc. [56] at 3. Here, Shumaker did not make a reasonable effort to provide a full response to this interrogatory as required by Rule 33 because the information sought could be in his control. For example, Shumaker can search his bank records to determine the payment amounts he has received from the CTA, or he can review the ledger he forwarded and confirm with specificity that all of his compensation payments are accounted for in that ledger. In sum, Shumaker must make a reasonable effort to obtain the requested information and if his efforts are unsuccessful, he should explain the efforts he took in his response to this interrogatory.

**Nos. 17 and 21**

In interrogatories numbers 17 and 21, Lyft asked Shumaker to identify each medical provider that he treated with because of the accident and in the last ten years prior to the accident. Doc. [54-1] at 25-26. Shumaker answered these interrogatories with a list of providers. Doc. [54-1] at 24-26. Further, in his response brief, Shumaker stated that he surveyed all his medical records since 2010 and cannot identify any other medical providers. Doc. [56] at 4. Shumaker has met his duty to fully answer this interrogatory. Thus, the Court finds that nothing more is necessary.

**No. 19**

In interrogatory number 19, Lyft asked Shumaker for an itemized list of all economic, noneconomic, or financial losses for which he seeks recovery for in this lawsuit. Doc. [54-1] at 25. Shumaker responded to this interrogatory by directing Lyft to his answers to interrogatories 13 through 18, which explain his future wage loss and medical damages. *Id.* at 22-25. In his supplemental answer and response brief, Shumaker states that he is unsure of the noneconomic damages that he will seek because that will depend on the evidence elicited at trial. *Id.* at 17; Doc. [56] at 4. Fed. R. Civ. P. 26(a)(1)(A)(iii) states that "a party must, without awaiting a discovery

4

request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party . . . unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." For example, in *Sauer v. Exelon Generation Co. LLC,* No. 10 C 3258, 2011 WL 3584780, at *9 (N.D. Ill. Aug. 15, 2011), the court ordered plaintiffs to supplement their initial disclosures to "provide more than a lump sum statement of the damages allegedly sustained." *Id*. The court also noted that "in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for general damages (pain, suffering or disfigurement) as well as special damages (medical bills, lost wages, cost of repairing damaged property, etc.)." *Id.* (internal citations and quotations omitted). Here, Lyft did not request that Shumaker supplement his initial disclosures, however, the Court orders that Shumaker must disclose a computation of the amounts he claims in non-economic damages in response to this interrogatory and as a supplement to its initial damages disclosure. As it stands now, this interrogatory answer is incomplete.

**No. 24**

In interrogatory number 24, Lyft asked Shumaker to identify whether he searched any electronic device for electronically stored information responsive to Lyft's interrogatories and production requests, and if so, what search terms he used. Doc. [54-1] at 26. In his supplemental response, Shumaker stated that he searched his emails and did not find any responsive documents. *Id.* Further, in his response brief, Shumaker stated that he conducted a search of his emails by reviewing all of his emails from the date of the accident to the present, and he did not find any relevant document. From this, the Court infers that Shumaker's email search method did not include the use of search terms. However, because an interrogatory response should include an explanation of the efforts taken to obtain information, Shumaker must supplement his interrogatory response to include a description of how he searched his email. *See Beijing Choice Elec. Tech. Co.,* 2020 WL 1701861, at *11 (The "interrogatory response [is not] sufficient merely because Contec can explain in its opposition brief why it does not have any additional responsive information. If this is the case, Contec should say so in its interrogatory response.").

**Document Production Requests**

Turning to Lyft's document production requests, Lyft claims that several of Shumaker's responses are deficient because he did not make any effort to obtain information in his control. Doc. [54] at 9-10. Pursuant to Federal Rule of Civil Procedure 34, a party may serve another with a request to produce or permit the party to inspect a document or thing "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Production requests must be within the scope of discovery permitted by Federal Rule 26(b), that is, it must be relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b), 34(a). "On the issue of control, it is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has a legal right to obtain them." *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (internal quotations and citations omitted); *see also Cage v. Harper,* No. 17 CV 7621, 2019 WL 11704172, at *1 (N.D. Ill. Oct. 30, 2019) (citing *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.*, No. 93 C 6169, 1997 WL 757879, at *3 (N.D. Ill. 1997) ("Control means the legal right to obtain documents upon demand."). "The determination of

whether an entity has 'control' over documents under Fed. R. Civ. P. 34(a) is a very fact specific inquiry." *Meridian Lab'ys, Inc. v. OncoGenerix USA, Inc.,* 333 F.R.D. 131, 135 (N.D. Ill. 2019) (citing *Davis v. Gamesa Tech. Corp.*, No. 08 C 4536, 2009 WL 3473391, at *2 (E.D. Pa. Oct. 20, 2009). Importantly "[t]he issue of 'control' often arises when determining whether a corporate entity has control over documents that are in the possession of former or current employees, subsidiaries, or foreign sister corporations." *Boyd Grp. (U.S.), Inc. v. D'Orazio*, No. 14 CV 7751, 2015 WL 5321262, at *4 (N.D. Ill. Sept. 11, 2015). Finally, the party seeking the information bears the burden of establishing the opposing party's control over the documents. *Gebka v. Allstate Corp.,* No. 19 CV 06662, 2021 WL 825612, at *5 (N.D. Ill. Mar. 4, 2021).

**No. 1**

In production request number 1, Lyft asked Shumaker for all the documents identified or referred to in his answers to the first set of interrogatories. Doc. [54-1] at 15. Shumaker's response simply stated: "none." *Id.* at 10. It is evident from the interrogatory responses that Shumaker relied on documents to furnish his responses. For example, to respond to interrogatory number 17, which lists all his medical providers with the corresponding billing amount, Shumaker had to review his medical bills. Doc. [54-1] at 6. Thus, Shumaker should produce any document in his possession, custody, or control that he relied on to answer the interrogatories.

**Nos. 4; 6-9; 11-18; 20; 32; 35; 38-39**

Lyft next argues that in requests numbers 4; 6-9; 11-18; 20; 32; 35; 38-39, Shumaker improperly answered either that he did not possess the information requested or that he and his counsel did not possess the information requested. Doc. [54] at 10. For example, in request number 6, Lyft states that it asked Shumaker for copies of correspondence or other documents with any insurance company, including any related to worker's compensation. *Id*. at 10-11. Lyft suggests that Shumaker must possess some worker's compensation documents because he confirmed, in interrogatory number 16, that he receives temporary total disability workers compensation payments from the CTA. Doc. [54] at 11; Doc. [54-1] at 23-24. Nevertheless, while it may seem, from a practical standpoint, that Shumaker can easily seek and obtain his worker's compensation records, "the issue of control turns on the *legal right* to obtain documents, not the practical ability to do so." *Boyd Grp. (U.S.), Inc.,* 2015 WL 5321262, at *4. As the Seventh Circuit has noted, "the fact that a party could obtain a document if it tried hard enough . . . does not mean that the document is in its possession, custody, or control; in fact it means just the opposite." *Chaveriat v. Williams Pipe Line Co.*, 11 F. 3d 1420, 1426-27 (7th Cir. 1993). Therefore, although Shumaker may have the practical ability to obtain records from the CTA or the Illinois Worker's Compensation Commission related to his worker's compensation claim, Lyft failed to show that Shumaker has control over the documents in their possession. Consequently, his response to request number 6 is sufficient. The Court does not address each request individually because Lyft's motion presents the eighteen requests as a group. In sum, Shumaker should review his answers to the remaining seventeen requests and certify, as further explained below, that he has produced all records in his custody, possession, or control.

**No. 37**

In request number 37, Lyft asked for all documents made by Shumaker, or on his behalf, for a workers' compensation claim during the ten years prior to this accident. Doc. [54] at 11. In his response, Shumaker directed Lyft to an attached workers compensation application. Doc. [54-1] at 11. Lyft claims that Shumaker had at least three worker's compensation claims (2014, 2018, and 2019), and therefore, he should be in possession of more documents. Doc. [54] at 11-12. For the reasons explained above, in request number 6, Shumaker does not have control of the requested records, thus, he need not inquire any further. Finally, the proper vehicle for Lyft Inc. to retrieve those documents may be through a third-party subpoena pursuant to Rule 45.

**No. 39**

Finally, in request number 39, Lyft asked Shumaker for copies of all his social media postings since the accident. Doc. [54] at 12; Doc. [73] at 9. In its brief, Lyft explained that it seeks social media postings because they may contain party admissions about the accident or his injuries, or photos of Shumaker doing activities he claims that he cannot do. Doc. [54] at 12. In his response, Shumaker stated that he nor his counsel possess any records, he disclosed his Facebook name, and directed Lyft to access his public page. Doc. [54-1] at 11. Further, in his response brief, Shumaker stated that he reviewed his Facebook page and found no postings or pictures related to the case. Doc. [56] at 6. Although Shumaker did not object to this request, the request is overly broad as to scope – every social media post could not possibly be related to the claims in this case. As such, the request itself is improper as it stands. Regardless, Shumaker has properly limited the request to postings or pictures related to the case, and has confirmed that he has none. With the certification described below, the response is sufficient and appropriate under Rules 26 and 34.

In conclusion, the Court grants in part and denies in part Lyft's Motion to Compel [54]. Interrogatory 16, 19, and 24 must be amended and answered fully as described above. Shumaker's answer to Document Production Request 1 must be supplemented. Additionally, Shumaker shall file a certification subject to Rule 11 by September 19, 2022 stating that it has produced all records in its possession, custody or control relating to Lyft's production requests numbers 1; 4; 6-9; 11-18; 20; 32; 35; 37; 38-39. If additional documents need to be produced with this certification, they shall be produced by September 19, 2022 as well. This process will help ensure that Shumaker has produced all responsive documents, as there may be repercussions if Shumaker is found to have falsely certified the production.

**SO ORDERED.**

Dated: September 12, 2022

_____
Sunil R. Harjani
United States Magistrate Judge

7